## UNITED STATES DISTRICT COURT

## DISTRICT OF MINNESOTA

| | |
|---|---|
| LANCE GERALD MILLIMAN, | Civil No.  16-1209 (JRT/HB) |
| Plaintiff, | |
| v. | |
| DRIVER LICENSE COMPACT COMMISSIONER, NIA RAY, MICHAEL J. ORDNUNG, COUNTY OF ANDREW, STEVEN STEVENSON, COUNTY OF HOWELL, MICHAEL P. HUTCHINGS, RON REPLOGLE, S. L. NELSON, LEVI STOOPS, K SHEWEY, PAT MCCORMACK, MICHAEL J. THOMPSON, LORI SWANSON, JOAN EICHHORST, KRISTI NIELSEN, WILLIAM YOUNG | **MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Defendants. | |

Lance Gerald Milliman, 6009 373rd Street, Eden Valley, MN  55329, *pro se*.

Plaintiff Lance Gerald Milliman commenced this 42 U.S.C. § 1983 action on May 9, 2016, and applied to proceed *in forma pauperis* ("IFP").  Milliman alleges that Missouri and Minnesota state officials deprived him of many constitutional rights, stemming from two different traffic stops and subsequent legal proceedings that resulted in the revocation of his commercial trucking driver's license.  On May 23, 2016, United States Magistrate Judge Hildy Bowbeer issued a Report and Recommendation ("R&R") recommending that the Court deny Milliman's IFP application, deny his motions for a

temporary restraining order ("TRO") and temporary injunction, and dismiss his action with prejudice.  Milliman now objects to the R&R.

Because the Court finds that Milliman has either failed to allege facts showing that the Court has personal jurisdiction over a particular defendant or has failed to state a claim upon which relief may be granted, the Court will overrule Milliman's objections, deny his IFP application, deny his motions for a TRO and temporary injunction, and dismiss all but one claim with prejudice.   Milliman's claim against Defendant S. L. Nelson, however, will be dismissed without prejudice because although Milliman's complaint does not include factual allegations that would allow the Court to exercise personal jurisdiction over Nelson, Milliman appears to have otherwise alleged a viable claim under § 1983 and he still has time under the applicable statute of limitations to refile in a proper district.  The Court will accordingly adopt in part the R&R, to the extent it is consistent with this Order.

## BACKGROUND

### I.    FACTUAL BACKGROUND

The Magistrate Judge discussed the facts of this case at length in the R&R.  (R&R at 2-5, May 23, 2016, Docket No. 6.)  The Court revisits those facts only to the extent necessary to provide context for this Order.

Milliman is a Minnesota citizen who previously worked as a commercial truck driver.  (Compl. ¶ 2, May 9, 2016, Docket No. 1.)  In 2010, Milliman was pulled over by Defendant K. Shewey, a Missouri highway patrol commercial vehicle inspector, while

driving his commercial truck through Andrew County, Missouri.  (*Id.* ¶ 15.)  Shewey cited Milliman for operating as an interstate motor fuel user without being properly licensed or having purchased the appropriate permits, and for failing to keep a proper driver's logbook, in violation of several Missouri state laws.  (*Id.*)  Milliman, proceeding *pro se*, attempted to negotiate a plea agreement regarding the charges with Defendant Steven Stevenson, a prosecutor from Andrew County, Missouri.  (*Id.* ¶ 20.)  The parties did not reach an agreement, however, and a warrant was issued for Milliman's arrest. (*Id.*)

On February 26, 2011, Milliman was again driving his commercial truck through Missouri, and he pulled into an open weigh station in Howell County.  (*Id.* ¶ 23.) Defendant Levi Stoops, a Missouri highway patrol commercial vehicle inspector, inspected Milliman's logbook, license, permits, and bills of lading, and told Milliman that a state trooper was on his way to speak with Milliman.  (*Id.* ¶¶ 23-24.)  Defendant Nelson, a Missouri State Highway Patrol Trooper, arrived on the scene shortly thereafter and placed Milliman under arrest based on the outstanding warrant from Andrew County. (*Id.* ¶ 26.)   Nelson searched Milliman's truck and found marijuana and drug paraphernalia.  (*Id.* ¶¶ 26-27.)  Milliman was charged in Howell County with possession of marijuana, driving under the influence, possession of drug paraphernalia, and failure to keep a proper logbook.  (*Id.* ¶ 29.)

The Minnesota Department of Public Safety was notified of these charges and subsequently revoked Milliman's commercial and personal driver's licenses, citing the Interstate Driver License Compact ("Compact").  (*Id.* ¶¶ 9-10.)  The Compact requires

the Minnesota Department of Public Safety to impose licensing restrictions on drivers who commit certain moving violations in states that are signatories to the Compact, as if they were committed in Minnesota.  *See, e.g.*, Minn. Stat. § 171.50.  Milliman has challenged the revocation of his licenses in Minnesota state court on at least two occasions, but the revocation was upheld both times.  (Compl., Ex. 5.)

## II.    PROCEDURAL HISTORY

Milliman initially filed a complaint in this district on June 23, 2015, but the action was dismissed without prejudice on October 30, 2015, for excessive prolixity.  (Civil No. 15-2779, Compl., June 23, 2015, Docket No. 1; Civil No. 15-2779, J., Oct. 30, 2015, Docket No. 10.)  Milliman commenced the current action on May 9, 2016, and applied to proceed IFP.  (Compl.; IFP Appl., May 9, 2016, Docket No. 2.)  He asserts constitutional claims under 42 U.S.C. § 1982 against multiple defendants, including the law enforcement officers involved in the two traffic stops, the prosecutors and judges involved in the traffic-stop prosecutions and the revocation of his driver's licenses, the Commissioner of the Minnesota Department of Public Safety, and various other Missouri and Minnesota state officials.   (Compl. at 1-2.)  Milliman seeks damages as well as a TRO and temporary injunction requiring the reinstatement of his driver's licenses. (Compl. at 1, 15; Mot. for TRO, May 9, 2016, Docket No. 3.)

On May 23, 2016, the Magistrate Judge issued an R&R recommending that the Court deny Milliman's IFP application, deny his TRO and temporary injunction motions, and dismiss the action with prejudice.  (R&R at 16-17.)  The Magistrate Judge first found

that Milliman's claims relating to the Andrew County stop were not cognizable because he did not plausibly allege that Shewey lacked probable cause to pull him over and his claim was also barred by the statute of limitations.  (*Id.* at 6-9.)  Second, the Magistrate Judge found that the prosecutor and judge who were involved in the subsequent prosecution of Andrew County traffic stop were absolutely immune from Milliman's claims.  (*Id.* at 9-10.)   Third, the Magistrate Judge determined that Milliman's claims relating to the Howell County stop were barred by the statute of limitations, and the prosecutor and judge who were involved in the subsequent prosecution were also absolutely immune to Milliman's claims.  (*Id.* at 10-11.)  Fourth, the Magistrate Judge concluded that Milliman's claims relating to the revocation of his driver's licenses were not cognizable because the Compact is not unconstitutional.  (*Id.* at 12-14.)  Fifth, the Magistrate Judge found that Milliman's claims seeking the reinstatement of his driver's licenses were barred by the *Rooker-Feldman* doctrine.  (*Id.* at 14-15.)  And finally, the Magistrate Judge found that the Minnesota prosecutors and judges involved in the revocation of Milliman's driver's licenses were absolutely immune from his claims.  (*Id.* at 15.)

Milliman now objects to the R&R.  (Objs., June 1, 2016, Docket No. 7.)

## ANALYSIS

## I.   STANDARD OF REVIEW

Upon the filing of an R&R, "a party may serve and file specific written objections to the proposed findings and recommendations."   Fed. R. Civ. P. 72(b)(2); *accord*

D. Minn. LR 72.2(b)(1). "The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *accord* D. Minn. LR 72.2(b)(3).

An IFP application will be denied, and the underlying action dismissed, if the IFP applicant's complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In assessing the sufficiency of a complaint, the Court accepts as true the factual allegations, although it may disregard a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 663 (2009). While the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level" and must be facially "plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

## II.    MILLIMAN'S OBJECTIONS

### A.    Shewey

In his first objection, Milliman argues that the Magistrate Judge erred by recommending that his claims against Shewey be dismissed. Milliman contends that his claim is not barred by the statute of limitations, and that he did plausibly allege that Shewey lacked probable cause to initiate the stop. The Court, however, will not squarely address Milliman's objection because it finds that his claim is barred for an independent reason – he has not alleged facts plausibly showing that the Court has personal jurisdiction over Shewey. *See Sanders v. United States*, 760 F.2d 869, 871-72 (8th Cir. 1985) (affirming the district court's dismissal of an IFP applicant's complaint because the

complaint failed to allege facts that would allow the district court to exercise personal jurisdiction over the defendants).

The Court engages in a two-step analysis to determine whether it can properly exercise personal jurisdiction over a defendant.  First, the Court considers whether it may exercise personal jurisdiction under the forum state's long-arm statute.  *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995).  "Second, the [C]ourt's exercise of jurisdiction must be consistent with the due process clause of the Fourteenth Amendment." *Id.*  Because "Minnesota courts have concluded that if a non-resident's contacts with [the] State satisfy due process, the Minnesota long-arm statute also is satisfied," the two-step analysis actually involves just one inquiry: would the exercise of personal jurisdiction over Shewey be consistent with the guarantees of due process? *Id.*  Due process requires that a defendant have sufficient "minimum contacts with [Minnesota] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation omitted).  "The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there." *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 562 (8th Cir. 2003).

Here, Milliman's complaint does not describe any contact or connection between Shewey and Minnesota.  To the contrary, Milliman's claim involves events that occurred entirely in Missouri, during a single traffic stop in Andrew County, and Shewey works for the Missouri highway patrol.  Based on these allegations, the Court cannot find that

Shewey has had minimum contacts with Minnesota or that he has purposefully availed himself of the privilege of conducting activities in Minnesota such that he could reasonably expect to be haled into court here.  The Court thus has no basis to exercise personal jurisdiction over Shewey.

If an IFP applicant's complaint lacks allegations supporting personal jurisdiction, the Court may dismiss the action, *Sanders*, 760 F.2d at 871-72, or it may transfer the action to a district that may have personal jurisdiction, 28 U.S.C. § 1631.  In evaluating whether transfer under § 1631 is proper, the Court considers whether it would be in "the interests of justice" and whether the applicable statute of limitations will have run before the plaintiff "could refile properly."  *Gunn v. U.S. Dep't of Agric.*, 118 F.3d 1233, 1240 (8th Cir. 1997).

Here, the Court finds no grounds for transferring the action to another district because Milliman's claim against Shewey is already barred by the applicable statute of limitations.  Because the Andrew County traffic stop occurred in Missouri, Milliman's § 1983 claim is subject to Missouri's statute of limitations governing personal injury actions, which is five years.  *See Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011) ("§ 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims."); *Sulik v. Taney*, 393 F.3d 765, 766-67 (8th Cir. 2005) (citing Mo. Rev. Stat. § 516.120(4) and finding that Missouri's five year statute of limitations for personal injury actions applies to § 1983 claims based on events occurring within Missouri).  And Milliman's claim began to accrue in 2010, because that is when the stop allegedly occurred and when he had "a complete and

present cause of action" and could have "file[d] suit" against Shewey to "obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).  Milliman, however, did not commence this action until over five years later, in 2016.  Thus, his claim is time barred, and transfer would be futile.

The Court will therefore overrule Milliman's objection and dismiss his claim against Shewey with prejudice.

### B.      Stevenson and Ordnung

In his second objection, Milliman argues that the Magistrate Judge erred in recommending that the prosecutor who prosecuted the Andrew County citation, Stevenson, and the presiding Judge, Defendant Michael J. Ordnung, are entitled to absolute immunity.   But the Court will overrule this objection.  For the same reasons described above, the Court concludes that Milliman has not alleged facts showing that the Court would have personal jurisdiction over Stevenson and Ordnung.  All of the events at issue occurred in Missouri, Stevenson is a Missouri prosecutor, Ordnung is a Missouri judge, and the Court can discern no facts from the complaint suggesting that either Defendant has had minimum contacts with Minnesota or has purposefully availed himself of the privilege of conducting activities in Minnesota.

The Court also finds that transfer would be inappropriate and not in the interests of justice because there are no factual allegations to even suggest that Stevenson and Ordnung would not be entitled to absolute immunity.   Prosecutors and judges are absolutely immune from civil lawsuits for actions taken in their official roles.  *Mireles v.*

*Waco*, 502 U.S. 9, 11 (1991); *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013).  A prosecutor can lose this immunity if he or she "performs functions outside his [or her] role as an advocate," including "investigative functions normally performed by the detective or police officer."  *Saterdalen,* 725 F.3d at 842 (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).  And a judge can also lose this immunity "for nonjudicial actions" or "for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12.

In his objection, Milliman argues that absolute immunity cannot apply because Stevenson acted as an investigator or administrator rather than as an advocate, and Ordnung's actions fell "outside the scope of [his] office."   (Objs. at 1-2.)  But Milliman has not alleged facts to back up either claim.  With regard to Stevenson, Milliman merely alleges that the prosecutor did not honor and carry out an alleged plea agreement, prevented Milliman from resolving his case, and committed ethical violations.  (Compl. ¶¶ 20-22.)  With regard to Ordnung, Milliman contends that the judge ignored his filings, colluded with Stevenson, and committed various ethical violations.  (Compl. ¶¶ 42-44.) These vague and speculative allegations do not plausibly show that Stevenson acted outside of his role as an advocate or that Ordnung took nonjudicial actions.  Transfer would thus be futile – Milliman has not alleged a viable claim against either Stevenson or Ordnung.

Accordingly, the Court will overrule Milliman's objection and dismiss his claims against Stevenson and Ordnung with prejudice.

### C.     Nelson and Howell County Stop, Arrest, and Search

In his third objection, Milliman challenges the Magistrate Judge's recommendation that his claims relating to the Howell County traffic stop, arrest, and search be dismissed as time barred.  Milliman argues that the statute of limitations has not yet run, and he has a viable claim against Nelson for the allegedly unlawful search of his truck.  The Court will again overrule this objection and dismiss the claim, but it will do so without prejudice, contrary to the recommendation of the Magistrate Judge.

First, as above, the Court finds that Milliman has not alleged facts to support personal jurisdiction.  Milliman's complaint does not describe any contact or connection between Nelson and Minnesota; the claim involves events that occurred entirely in Howell County, Missouri; and there is no indication that Nelson has had minimum contacts with Minnesota or that he has purposefully availed himself of the privilege of conducting activities in Minnesota.  The Court thus has no proper basis for exercising personal jurisdiction over Nelson.  Yet the Court will dismiss the claim without prejudice because (1) the Magistrate Judge erred in finding that Milliman's claim against Nelson is time barred; (2) transfer under § 1631 is not necessary because Milliman still has time to refile his claim in a proper district, if he so chooses; and (3) Milliman appears to have plausibly alleged that Nelson unlawfully searched his truck.

In the R&R, the Magistrate Judge found that Milliman's claim was outside the statute of limitations because the arrest and search occurred on February 26, 2011, and Milliman filed this action over five years later, on May 9, 2016.  But this finding overlooks Missouri's statute-of-limitations savings provision, which provides that "if any

action shall have been commenced within the [applicable statute of limitations], and the plaintiff therein suffer a nonsuit, . . . such plaintiff may commence a new action from time to time, within one year after such nonsuit suffered." Mo. Rev. Stat. § 516.230. Here, before filing the instant action, Milliman brought a different § 1983 action against Nelson on June 23, 2015, which was within five-year limitations period. (*See* Civil No. 15-2779, Compl.) The court dismissed that action without prejudice on October 30, 2015, finding that Milliman's complaint did not comply with Rule 8's short-and-plain-statement requirement. (*See* Civil No. 15-2779, J.)  But because that first action was filed within the statute of limitations and was dismissed without prejudice, Missouri's one-year savings provision provides that Milliman has until October 29, 2016, to file a new action.[1]  Milliman thus has ample time to litigate his claim against Nelson in a proper district. The Court also notes that Milliman appears to have plausibly alleged that Nelson unreasonably searched his truck after the arrest, in violation of the Fourth Amendment. (*See* Compl. at 9-10.)  As a result, the Court finds that dismissal without prejudice, rather than dismissal with prejudice or transfer, is the appropriate outcome.[2]

---

[1] This savings provision does not apply to Milliman's claim against Shewey because Milliman did not name Shewey as a defendant in the earlier action. (*See* Civil No. 15-2779, Compl. at 1.)

[2] Besides Nelson, Milliman also brings claims against Stoops and Ron Replogle, who is the superintendent of the Missouri State Highway Patrol. Although his allegations against Stoops and Replogle are not entirely clear, he appears to allege that they too are liable for the events of February 26, 2011. But Milliman has not alleged facts showing that the Court has personal jurisdiction over either Defendant, and he has failed to allege any facts suggesting that either committed a constitutional violation. The Court will thus dismiss the claims against Stoops and Replogle with prejudice.

Accordingly, the Court will overrule Milliman's objection, but it will dismiss his claim against Nelson without prejudice.

### D.    Hutching

In his fourth objection, Milliman argues that the Magistrate Judge erred by recommending that Defendant Michael P. Hutching, the Howell County prosecutor responsible for bringing charges against him, is entitled to absolute immunity.  Milliman asserts that absolute immunity should not apply because Hutching acted outside the scope of his role as a prosecutor.  But the Court will overrule this objection because Milliman has not alleged facts showing that the Court has personal jurisdiction over Hutching. Hutching is a Missouri prosecutor, and there are no factual allegations supporting a finding that he has had minimum contacts with Minnesota or that he has purposefully availed himself of the privilege of conducting activities in Minnesota such that he would reasonably expect to be haled into court here.  Moreover, dismissal with prejudice, rather dismissal without prejudice or transfer, is the proper result because there are no factual allegations even suggesting that Hutchings would not be entitled to absolute immunity. The extent of Milliman's allegations are that Hutchings pursued charges he could not substantiate, but that is insufficient to plausibly show that he performed functions outside his role as a prosecutor.  (Compl. at 11.)

The Court will therefore overrule Milliman's objection and dismiss the claim against Hutchings with prejudice.

### E.      Driver's License Revocation Claims

In his fifth objection, Milliman argues that the Magistrate Judge wrongly concluded that the Compact does not violate the Commerce Clause.  Milliman also argues that the Magistrate Judge erred by recommending that the Court dismiss his claims that allege that Missouri and Minnesota state officials misapplied the Compact by revoking his driver's licenses.  But this objection is meritless and will be overruled.

The Commerce Clause gives Congress the authority to "regulate" interstate commerce.  U.S. Const., art. I, § 8, cl. 3.  A negative implication of the Commerce Clause, called the dormant Commerce Clause, is that "states may not enact laws that discriminate against or unduly burden interstate commerce."  *S. Dakota Farm Bureau, Inc. v. Hazeltine*, 340 F.3d 583, 592 (8th Cir. 2003).  "Discrimination in this context refers to 'differential treatment of in-state and out-of-state economic interests that benefits the former and burdens the latter.'"  *Id.* (quoting *Waste Sys., Inc. v. Dep't of Envtl. Quality,* 511 U.S. 93, 99 (1994)).  Here, Milliman argues that the Compact violates the dormant Commerce Clause because it discriminates against out-of-state economic interests – he alleges that if he was a citizen of Missouri, his license would not have been revoked.  But Milliman has offered no legal or factual basis to support this argument.  Milliman's driving privileges in the State of Missouri were apparently suspended as a result of the Howell County stop.  (*See* Compl., Ex. 5.)  And pursuant to the Compact – which provides that Minnesota "shall give the same effect to [out-of-state conduct] . . . as it would if such conduct had occurred in the home state" – his Minnesota driver's license was also revoked.  Minn. Stat. § 171.50, art. IV(a).  The Court cannot discern how this

treatment amounts to discrimination under the dormant Commerce Clause.  Moreover, even if Minnesota does have more punitive laws than Missouri regarding when the driver's license of  a person licensed by the state will be suspended, revoked, or limited, Milliman has not shown how these alleged regulatory differences result in discrimination against interstate commerce.  Indeed, states have the right to regulate the use of public roads by their own citizens, which includes enacting licensing requirements.  *See, e.g.*, *Hendricks v. State of Maryland*, 235 U.S. 610, 622 (1915).  Accordingly, Milliman's Commerce Clause claim cannot succeed.

The second aspect of Milliman's objection is equally unavailing.  Milliman argues that the Court may properly consider whether Missouri and Minnesota state officials misapplied the Compact in revoking his driver's license because the claim involves citizens from different states, thus giving the Court diversity jurisdiction.  But the citizenship of the parties, and law relating to subject matter jurisdiction, have nothing to do with whether Milliman has stated a viable claim under § 1983.  And as the Magistrate Judge found, Milliman has not stated a viable claim.  Whether Missouri and Minnesota officials properly applied the Compact in revoking Milliman's license is a state law issue, and "a violation of state law, without more, does not state a claim under the federal Constitution or 42 U.S.C. § 1983."  *Colbert v. Roling*, 233 F. App'x 587, 589-90 (8th Cir. 2007) (quoting *Collins v. Bellinghausen*, 153 F.3d 591, 596 (8th Cir. 1998)).  Additionally, Milliman has not alleged any facts to plausibly show that any Missouri or Minnesota official violated his constitutional rights with respect to the revocation of his driver's license.  Finally, as the Magistrate Judge noted, the issue of whether Minnesota

and Missouri officials misapplied the Compact has already been litigated in state court proceedings, and the Court lacks jurisdiction under the *Rooker-Feldman* doctrine to entertain Milliman's claims because he is, in essence, "seeking review of, or relief from" those state court judgments. *Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016).

The Court will therefore overrule Milliman's fifth objection and dismiss his driver's license revocation claims with prejudice.

### F.      Minnesota Reinstatement Litigation Claims

In his sixth and final objection, Milliman argues that the Magistrate Judge erred in recommending that his claims seeking reinstatement of his driver's license are barred by the *Rooker-Feldman* doctrine.  Milliman argues that he is not directly seeking to overturn or modify any state court judgment, and therefore the doctrine should not apply.  But the Court will overrule this objection because the *Rooker-Feldman* doctrine "bars both straightforward and indirect attempts by a plaintiff to 'undermine state court decisions.'" *Prince v. Arkansas Bd. of Examiners in Psychology*, 380 F.3d 337, 340 (8th Cir. 2004). Here, by asking the Court to reinstate his driver's license, Milliman is indirectly seeking relief from prior state court judgments that have found reinstatement to be improper; if the Court were to grant Milliman's request, it would effectively be overruling those state court judgments.  Milliman's claims are thus squarely foreclosed by the *Rooker-Feldman* doctrine.

Accordingly, the Court will overrule this objection and dismiss Milliman's Minnesota reinstatement litigation claims with prejudice.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, the Court **OVERRULES** Milliman's objections [Docket No. 7] and **ADOPTS in part** the Report and Recommendation of the Magistrate Judge dated May, 23, 2016 [Docket No. 6], to the extent it is consistent with this Order.  **IT IS HEREBY ORDERED** that:

1.     Milliman's claim against Defendant S. L. Nelson is **DISMISSED without prejudice**.

2.     All other claims are **DISMISSED with prejudice.**

3.     Milliman's application to proceed *in forma pauperis* [Docket No. 2] is **DENIED**.

4.     Milliman's motion for a temporary restraining order and temporary injunction [Docket No. 3] is **DENIED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  September 16, 2016
at Minneapolis, Minnesota.

_____
s/ John R. Tunheim
JOHN R. TUNHEIM
Chief Judge
United States District Court